# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF MANCHESTER, MISSOURI, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:19CV02613 SRC |
| | ) | |
| DOCTOR JOHNS, INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Doctor Johns, Inc.'s Notice of Removal [1]. The Court, *sua sponte*, remands this matter back to the Circuit Court of St. Louis County for lack of subject-matter jurisdiction. *See* 28 U.S.C. §1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

This case comes to the Court in an unusual manner. Doctor Johns removed this matter to this Court on September 22, 2019, the intervening Sunday between the days the state court conducted, and was scheduled to resume, the evidentiary hearing on the merits of the case. Apparently, neither before nor during the September 19 evidentiary hearing did Doctor Johns make any mention to the state court of the possibility of removing the case to federal court. ECF No. 11-1. In its Notice of Removal, Doctor Johns asserts that the case first became ascertainable of removal on receipt of the deposition of Plaintiff City of Manchester's representative, which was taken on September 4, 2019, or on receipt of Manchester's discovery responses on August 30, 2019. Doctor Johns claims that Manchester's complaint seeks to regulate areas preempted by federal law and that it necessarily incorporates federal law, specifically the First and Fourteenth

1

Amendments to the U.S. Constitution. Doctor Johns offers no explanation of why it could not have filed its notice of removal in the intervening period between receipt of the discovery responses or deposition transcript and September 19, when the state court began the evidentiary hearing. ECF No. 1.

### A. *Lack of Subject Matter Jurisdiction*

Generally, "Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Doctor Johns removed this case on the basis the action includes federal law claims and state law claims. So, the Court looks to the more specific § 1441(c), which addresses the joinder of federal law claims and state law claims. A party may remove a case to federal court in this instance:

> (c)(1) If a civil action includes –
>
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331[1] of this title), and
>
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

28 U.S.C. § 1441(c)(1). When the action does not qualify for diversity jurisdiction, the Court must look to whether the case arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The Court must remand this case because on the face of the complaint, the matter does not arise under the Constitution, laws, or treaties of the United States, federal law

---

[1] Section 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

does not completely preempt the matter, and, under *Grable*,[2] the federal issues in this matter do not create federal subject-matter jurisdiction.

1. Jurisdiction on the Face of the Complaint

On the face of Manchester's complaint, this matter does not arise under the Constitution, laws, or treaties of the United States. It also does not depend on federal law. "It is settled doctrine that a case is not cognizable in a federal trial court, in the absence of diversity of citizenship, unless it appears from the face of the complaint that determination of the suit depends on a question of federal law." *Pan Am. Petroleum Corp. v. Superior Court of Del. In & For New Castle Cty.*, 366 U.S. 656, 663 (1961). In its complaint, Manchester seeks a declaratory judgment that Doctor Johns violated, and continues to violate, Manchester's zoning laws. ECF No. 2. Doctor Johns concedes, in its notice of removal, that the complaint does not set forth a case removeable on its face. ECF No. 1, ¶¶ 2, 11.

Furthermore, a case may not be removed to federal court on the basis of a federal defense. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987) ("Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."). "A suggestion of one party that the other will or may set up a claim under the Constitution or laws of the United States does not make the suit one arising under the Constitution or those laws." *Skelly Oil Co. v. Phillips Petroleum, Co.*, 339 U.S. 667, 672 (1950). A counterclaim based on federal law also cannot create federal subject-matter jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys.,*

---

[2] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

3

*Inc.*, 535 U.S. 826, 830-31 (2002) ("It follows that a counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction."). Here, Doctor Johns bases for removal concern only a federal defense – that Manchester's ordinance is unconstitutional under the First and Fourteenth Amendments of the U.S. Constitution. This does not create federal subject-matter jurisdiction.

2. Jurisdiction Based on Complete Preemption

Doctor Johns also argues federal law preempts Manchester's complaint, thereby creating a basis for removal. The artful pleading doctrine allows removal where federal law *completely* preempts a plaintiff's state-law claim. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). A plaintiff may not defeat removal by omitting necessary federal questions in its pleadings. *Id*. "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Id*.

A party may remove a state claim completely preempted by a federal statute because "a claim which comes within the scope of that [federal] cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004). "Complete preemption is rare and arises under only a limited number of federal statutes." *Boldt v. N. States Power Co.*, 904 F.3d 586, 590 (8th Cir. 2018). Complete preemption exists when the federal statute at issue provides the exclusive cause of action for the claim asserted and sets forth procedures and remedies governing that cause of action. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003).[3] The Supreme Court has recognized complete preemption by

---

[3] Though often confused, "complete preemption" and "preemption" are different concepts. "Complete preemption" occurs when state law has been replaced by federal law, and federal law takes over all claims in that area. *Lehmann v. Brown*, 230 F.3d 916, 919 (7th Cir. 2000) ("Unfortunately 'complete preemption' is a misnomer, having nothing to do with preemption and everything to do with federal occupation of a field."). "Preemption," on the other hand, "is a federal defense that exists where a federal law has superseded a state law claim," a "state statute directly conflicts with federal law," or "where a federal law completely occupies the field of regulation so that by

only four areas of federal law: the Labor Management Relations Act,[4] the Employee Retirement Income Security Act,[5] the National Bank Act,[6] and Native American tribal claims to possession of property.[7]

Here, Doctor Johns argues the Medical Device Amendments of 1976 ("MDA") to the Food, Drug, and Cosmetic Act preempts Manchester's claim. Specifically, Doctor Johns claims § 360k(a) of the act preempts state causes of action regarding medical devices. This section states:

> Except as provided in subsection (b), no state or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement –
>
> (1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and
>
> (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter.

21 U.S.C. § 360k. This statute does not completely preempt state laws because it does not provide an exclusive cause of action and does not set forth procedures and remedies governing a cause of action. In *National Bank of Commerce of El Dorado v. Kimberly-Clark Corp.*, the Eighth Circuit held the MDA does not completely preempt state causes of action, finding "when a statute only preempts state requirements that are different from or in addition to those imposed by federal law, plaintiffs may still recover under state tort law when defendants fail to comply with the federal requirements." 38 F.3d 988, 993 (8th Cir. 1994). While the MDA may provide Doctor Johns a preemption defense, it does not completely preempt Manchester's claim so as to create federal subject-matter jurisdiction.

---

implication there is no room for state regulation and the coexistence of federal and state regulation is not possible." *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 248 (8th Cir. 2012).
[4] *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1 (1983).
[5] *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).
[6] *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1 (2003).
[7] *Oneida Indian Nation of N.Y. State v. Oneida Cty., N.Y.*, 414 U.S. 661 (1974).

3. Jurisdiction Based on a Substantial Federal Issue

Federal question jurisdiction may exist if a "state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Great Lakes Gas Transmission Ltd. P'Ship v. Essar Steel Minn., LLC*, 843 F.3d 325, 331 (8th Cir. 2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Under *Grable*, the Court first determines if a decision on the constitutionality of the ordinance is necessary to resolve Manchester's declaratory judgment action. In Missouri, ordinances are presumed to be valid and lawful. *Coop. Home Care, Inc. v. Saint Louis*, 514 S.W.3d 571, 578 (Mo. 2017). "To raise a constitutional challenge properly, the party must: (1) raise the constitutional question at the first available opportunity; (2) designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the article and section or by quotation of the provision itself; (3) state the facts showing the violation; and (4) preserve the constitutional question throughout for appellate review." *Mayes v. Saint Luke's Hosp. of Kan. City*, 430 S.W.3d 260, 266 (Mo. 2014). For purposes of this analysis, the Court will assume that Doctor Johns fulfilled all of these requirements when it filed its Counterclaim on August 6, 2019, wherein it raised the issue of the constitutionality of the ordinance under the First and Fourteenth Amendments.

Missouri law also requires a party challenging the constitutionality of an ordinance to serve the attorney general of the state with a copy of the proceeding. Mo. Rev. Stat. § 527.110 ("In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard."). The state court file does not indicate that Doctor Johns served the attorney general of Missouri with a copy of the proceeding. ECF Nos. 7, 8. The Certificate of Service for the Counterclaim only states the document was filed electronically and notification sent to all registered users. ECF No. 4. The docket for the state case does not list the attorney general of Missouri as a party or as an attorney. *See City of Manchester, Mo. v. Doctor John's Inc.*, 19SL-CC03148. At this stage of the proceedings, the constitutionality of the ordinance is not "necessarily raised."

The Court presumes the second requirement of *Grable* is satisfied. Although Manchester has not responded to Doctor Johns' Counterclaim yet, the Court safely assumes based on the City's bringing an ordinance-enforcement action that the City disputes that its ordinance is unconstitutional. The Court then turns to the third requirement, the substantiality of the issue. The claimed significance of the federal issue to the particular parties themselves does not satisfy the "substantiality" requirement. *Gunn*, 568 U.S. at 260. The substantiality inquiry instead looks to "the importance of the issue to the federal system as a whole." *Id*.

In *Grable*, a quiet title action originally filed in state court, the Supreme Court held that the meaning of a federal tax provision, specifically the 26 U.S.C. § 6335 requirement that the IRS give adequate notice of the seizure of real property to satisfy a federal tax delinquency, was "an important issue of federal law that sensibly belongs in a federal court." 545 U.S. at 315. In

7

contrast, in *Gunn*, an action for legal malpractice, the Supreme Court held the validity of a patent was not a significant issue, important to the federal system as a whole. 568 U.S. at 260-64. The Supreme Court found the state court's resolution of the question of patent law in the context of a malpractice action would have no broader effects; it would not stand as binding precedent; and it would not affect the validity of the patent. *Id*.

The Court finds the constitutionality of Manchester's zoning ordinance is not substantial in terms of its importance (or unimportance) to the federal system as a whole. States, cities, and municipalities have broad authority to regulate zoning. They also have authority to regulate the location of businesses, and to regulate businesses selling "novelties," as defined in this case. Courts have upheld this authority many times. *See Barnes v. Glen Theatre, Inc.*, 501 U.S. 560 (1991) (finding the First Amendment does not prevent Indiana from enforcing a public indecency law against a nude dancing establishment and an adult bookstore.); *Jake's Ltd., Inc. v. City of Coates*, 284 F.3d 884 (8th Cir. 2002) (holding that a zoning ordinance was constitutional as applied to an adult entertainment facility.). Based on the record in this case, the Court does not see how a determination of the constitutionality of the particular zoning ordinance and business activities at issue would constitute "an important issue of federal law that sensibly belongs in a federal court." 545 U.S. at 315.

Finally, the Court must determine if allowing the case to proceed in federal court would upset the appropriate balance of federal and state judicial responsibilities. *Gunn*, 568 U.S. at 264. In *Gunn*, the Supreme Court held the patent-law malpractice claim did not meet this fourth requirement because the case did not present a substantial federal issue, and the states have a "special responsibility to maintain standards" among attorneys. *Id*. The Court further held that

the state's interest is especially great because of the role lawyers have in administering justice and as officers of the court. *Id*.

Similarly, in this case, asserting federal subject-matter jurisdiction over this action would disrupt the federal-state balance approved by Congress. States have a special interest in enforcing their municipalities' ordinances and state courts can, and regularly do, determine the constitutionality of ordinances. Congress has not established exclusive federal jurisdiction over constitutional issues. Federal subject-matter jurisdiction would upset the appropriate balance of federal and state judicial responsibilities, where Doctor Johns engaged in significant litigation in state court, before claiming the case became removable mid-stream during an evidentiary hearing on the merits of the case. ECF Nos. 1, 7, 11-1. On these facts, assuming jurisdiction of this case would raise significant federalism concerns. *Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."). The circumstances surrounding the removal of this case—including both the timing and the poorly-developed arguments and analysis in the Notice of Removal—cause the Court to question the genuineness of Doctor Johns' arguments asserted for mid-hearing removal and to cast a jaundiced eye on Doctor Johns' apparent forum-shopping. Because Doctor Johns has not satisfied the four requirements, it has not established federal jurisdiction under *Grable*.

For these reasons, the Court finds it lacks subject-matter jurisdiction and this matter must be remanded back to the Circuit Court of St. Louis County.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is remanded back to the Circuit Court of St. Louis County. Pursuant to 28 U.S.C. 1447(c), the Clerk of the Court shall mail a certified copy of this order of remand to the clerk of the State court.

So Ordered this 24th day of September, 2019.

*SLR.CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**